David Martinez, Bar No. 193183
DMartinez@robinskaplan.com
Wesley W. Lew, Bar No. 222351
WLew@robinskaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Plaintiff
Alexso, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexso, Inc., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Alexo Therapeutics, Inc., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:15-CV-04928<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT, 15 U.S.C. § 1114);**<br><br>**(2) FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. § 1125(a));**<br><br>**(3) COMMON LAW AND STATUTORY TRADE NAME INFRINGEMENT;**<br><br>**(4) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200); AND**<br><br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alexso, Inc. ("ALEXSO") hereby alleges and avers based on knowledge as to its acts and based on information and belief as to the acts of others, as follows:

## INTRODUCTION

1. This is an action for trademark and trade name infringement, false designation of origin and unfair competition arising from defendant Alexo Therapeutics, Inc.'s ("Alexo" or "Defendant") willful infringement of ALEXSO's trademark, as well as its continued efforts to trade on ALEXSO's reputation and goodwill. Defendant's misconduct has caused, and is likely to cause confusion in the marketplace, and has caused ALEXSO harm. As a result, ALEXSO has no choice but to commence this action to protect its valuable intellectual property and obtain legal redress for Alexo's misconduct.

## THE PARTIES

2. ALEXSO is a California Corporation, with its headquarters and principal business located at 2317 Cotner Ave., Los Angeles, CA 90064. ALEXSO is pharmaceutical company in the business of developing and selling therapeutic and pain medications.

3. ALEXSO is informed and believes and based thereon alleges that defendant Alexo Therapeutics Inc., is a Delaware corporation with a principal place of business located at 951 Gateway Blvd., South San Francisco, CA 94080.

4. ALEXSO is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, or any of them, and therefore sues these Defendants, and each of them, by such fictitious names. ALEXSO is informed and believes and thereon alleges that each of the DOE Defendants is responsible for the claims and damages alleged herein and each DOE Defendant is jointly and severely liable with all other

1  Defendants. ALEXSO will seek leave of Court to amend this Complaint when the
2  identities of these Defendants are ascertained.

3       5.     At all relevant times, Defendants acted through their agents, members
4  and/or managing members. At all relevant times each of the Defendants sued
5  herein, including the DOE Defendants, was the agent, ostensible agent, employee,
6  alter ego, and/or co-conspirator of each of the remaining Defendants and at all
7  times was acting within the purpose and scope of such agency, employment, and
8  conspiracy and with the knowledge, authorization, permission, consent and/or
9  subsequent ratification and approval of each co-defendant.

## JURISDICTION AND VENUE

     6.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

     7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (a) it is a judicial district in which Defendants reside; (b) is where a substantial part of the events giving rise to the claims asserted herein occurred; and (c) Defendants were and are subject to personal jurisdiction in this district at the time the action was commenced.

## FACTUAL BACKGROUND

     8.     ALEXSO is a pharmaceutical company in the business of developing and selling therapeutic and pain medications. ALEXSO has used the ALEXSO mark ("ALEXSO Mark") in interstate commerce in connection with these goods and services since at least March 30, 2010. At all relevant times, ALEXSO has

prominently displayed its ALEXSO Marks in connection with therapeutic and pain medications, including through its website, www.alexso.com.

9. Since adopting the ALEXSO Mark, ALEXSO has continuously promoted and used the mark throughout the United States in interstate commerce, and has expended considerable sums in exerting every effort to maintain and develop the ALEXSO Mark. As such, ALEXSO has created substantial and extremely valuable goodwill among the purchasing public under the ALEXSO Mark. As a result of ALEXSO's continuous and extensive use of the ALEXSO Mark, the mark has become and continues to function as its core business and marketing asset.

10. In addition to establishing widespread common law trademark rights in the ALEXSO Marks, ALEXSO is the owner United States Trademark No. 4,651,634 in connection with "wholesale ordering services in the field of pharmaceuticals."

11. Through such extensive use, advertising, marketing and promotion of the ALEXSO Marks, ALEXSO has built up, at great expense and effort, a valuable reputation and goodwill symbolized by its strong and distinctive marks. By reason of the adoption and continuous use of the ALEXSO Marks in U.S. interstate commerce, ALEXSO has established valuable public recognition in the ALEXSO Marks.

12. On or about 2015, with full knowledge of the ALEXSO Marks and ALEXSO's success, Alexo undertook a scheme to illegally trade upon ALEXSO's reputation by adopting the confusingly similar tradename Alexo.

13. According to its website, Alexo "was formed in 2015 as an independent, private biotech company, located in South San Francisco. The company is focused on developing new protein-based therapeutics to treat cancer." *See* www.alexotherapeutics.com.

14. Alexo's illegal scheme to trade upon ALEXSO's goodwill and reputation has caused and is likely to cause confusion in the marketplace.

## ALLEGATION OF IRREPARABLE HARM

15. By reason of Alexo's acts, ALEXSO has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it could have realized but for Defendant's misconduct. Unless restrained and enjoined, Defendant will continue to engage in the acts complained of and irreparably damage ALEXSO. ALEXSO's remedy at law is not adequate to compensate it for all the resulting injuries arising from Defendant's misconduct.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement in
### Violation of Lanham Act § 32, 15 U.S.C. § 1114

16. ALEXSO realleges and incorporates by reference herein paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth in full herein.

17. At all relevant times, Defendants have used unauthorized reproductions and/or imitations of the ALEXSO Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services in a manner likely to cause confusion and/or mistake and/or to deceive.

18. Alexo has reproduced, copied and/or imitated the ALEXSO Mark and has applied such reproduction, copy and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services in a manner likely to cause confusion and/or mistake and/or to deceive.

19. Alexo is acting and has acted with knowledge that its copying and use of the ALEXSO Marks is unauthorized and unlawful and with the intent to cause confusion and/or mistake and/or to deceive.

20. Alexo's trademark infringement has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to ALEXSO's business, reputation and goodwill for which it is without an adequate remedy at law.

21. In addition, as a direct and proximate result of Alexo's trademark infringement, ALEXSO has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover monetary damages, attorney's fees and costs and to disgorgement of Alexo's unlawful gains and profits.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

22. ALEXSO realleges and incorporates by reference herein paragraphs 1 through 21, inclusive, of this Complaint as though fully set forth in full herein.

23. Alexo's unlawful copying and use of the ALEXSO Marks in connection with its clothing products and trade name constitute false and misleading designations of origin and false and misleading representations of facts, which:

   A. Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Alexo with ALEXSO, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by ALEXSO; and/or

   B. Misrepresent the nature, characteristics, or qualities of Alexo's goods, services, or commercial activities.

24. Alexo's misconduct in violation of 15 U.S.C. § 1125(a) has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to ALEXSO's business, reputation, and goodwill for which it is without an adequate remedy at law.

25. As a direct and proximate result of Alexo's violation of 15 U.S.C. § 1125(a), ALEXSO has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2), and to disgorgement of Alexo's unlawful gains and profits.

## THIRD CLAIM FOR RELIEF

### Common Law and Statutory Trade Name Infringement

26. ALEXSO realleges and incorporates by reference herein paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth in full herein.

27. Alexo has engaged in trade name infringement under the common and statutory law of the State of California, California Business and Professions Code § 14402, *et seq*.

28. Alexo has deceived the public by misrepresenting that their services and/or its products are in some way sponsored or authorized by ALEXSO under its ALEXSO Marks.

29. As a proximate result of Defendant's acts, ALEXSO has and continues to suffer damages according to proof at trial. Further, unless Alexo is restrained, ALEXSO will continue to suffer irreparable damage and injury to its reputation and goodwill.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition in Violation of

### California Business & Professions Code § 17200, *et seq.*

30. ALEXSO realleges and incorporates by reference herein paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth in full herein.

31. Alexo's misconduct in trading upon ALEXSO's goodwill and reputation constitute an unlawful, unfair and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq*.

32. As a direct and proximate result of Alexo's unfair, unlawful and illegal business practices, ALEXSO has suffered irreparable harm to its reputation and goodwill. As such, ALEXSO is entitled to injunctive relief as set forth herein.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition

33. ALEXSO realleges and incorporates by reference herein paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth in full herein.

34. Alexo's sale, use and imitation of the ALEXSO Marks constitutes infringement, copying, imitation, and misappropriation of ALEXSO's intellectual property, unjust enrichment of Defendants, as well as unfair competition with ALEXSO in violation of ALEXSO's rights under the common law of the state of California and other states of the United States.

35. Alexo's willful conduct outlined herein has unjustly enriched Defendants in violation of ALEXSO's rights. As such, ALEXSO is entitled to injunctive relief and monetary damages according to proof at trial.

# PRAYER FOR RELIEF

WHEREFORE, ALEXSO prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

1. A preliminary and permanent injunction enjoining Defendant, its members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement of the ALEXSO Marks and from any further acts of unfair competition.

2. For an award of damages in an amount according to proof at trial;

3. For an accounting to ALEXSO for any and all profits derived by Defendants from the unlawful acts complained of herein, and for disgorgement of those profits;

4. For reasonable attorneys' fees;

5. For costs in this lawsuit;

6. For interest as allowed by law; and

7. For such further relief as the Court deems just and proper.

Dated: June 29, 2015                **ROBINS KAPLAN LLP**

By: /s/ David Martinez
        David Martinez
**Attorneys for Plaintiff, Alexso, Inc.**

## DEMAND FOR JURY TRIAL

ALEXSO hereby demands a trial by jury.

Dated: June 29, 2015          **ROBINS KAPLAN LLP**

By: /s/ David Martinez
        David Martinez
**Attorneys for Plaintiff, Alexso, Inc.**